UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **PHILIP R. MCHUGH,** | ) | Case No. |
| | ) | |
| Movant, | ) | *Related to: Philip R. McHugh v. Fifth Third* |
| | ) | *Bancorp, et al.*, No. 1:21-cv-00238 (S.D. |
| v. | ) | Ohio) |
| | ) | |
| **RHR INTERNATIONAL, LTD.** | ) | Judge |
| | ) | |
| Respondent. | ) | Magistrate Judge |

**MOTION TO COMPEL OUT OF STATE DISCOVERY
OR, IN THE ALTERNATIVE, TO TRANSFER**

Movant, Philip R. McHugh, by and through his local counsel Sabreena El-Amin of CTM Legal Group and attorneys Peter A. Saba and Joshua M. Smith (*pro hac vice* application pending) of SSP Law Co., L.P.A., and pursuant to Federal Rules of Civil Procedure 26, 34, and 45, hereby initiates this action to move to compel non-party, RHR International, Ltd. ("RHR"), to electronically produce the documents requested in the September 18, 2024 subpoena served upon RHR.[1]

**INTRODUCTION**

1. This action is being initiated to compel Respondent to produce relevant and responsive documents requested by subpoena in an ongoing age discrimination lawsuit in the United States District Court for the Southern District of Ohio. Movant Philip R. McHugh filed a lawsuit against his employer and sought third party discovery via subpoena to Respondent. For

---

[1] The subpoena served upon RHR on September 18, 2024 is a consolidated version of prior subpoenas served on RHR on April 1, 2022 and April 21, 2023, related to the production of documents. Those subpoenas were opposed by RHR, resulting in the filing of a prior motion to compel with the issuing Court, the U.S. District Court for the Southern District of Ohio. (*See* Doc. # 40, PAGEID # 2364-2378). Following briefing, the Court dismissed the motion without prejudice to re-filing in the Northern District of Illinois.

1

nearly two years, RHR has refused to produce a single responsive document, instead resorting to a myriad of general blanket objections. Plaintiff has exhausted all extrajudicial efforts, and now moves this Court for an order compelling RHR to produce the documents requested.

## **RELEVANT BACKGROUND**

2. On October 28, 2020, McHugh filed a Complaint in the Hamilton County Court of Common Pleas, asserting age discrimination claims under Ohio Revised Code Section 4112.02 against Defendants Fifth Third[2] and Greg Carmichael, captioned *Philip R. McHugh v. Fifth Third Bancorp, et al.*, Case No. A2003792.

3. On March 18, 2021, following receipt of a notice of dismissal and right to sue from the Equal Employment Opportunity Commission (EEOC), Plaintiff amended his Complaint to include six counts of age discrimination and retaliation under the Age Discrimination in Employment Act and O.R.C. 4112.02.

4. On April 8, 2021, Defendants removed the case to federal court in the U.S. District Court for the Southern District of Ohio, where it is currently pending under Case No. 1:21 cv 00238 ("Ohio Litigation").

5. On September 18, 2024, Movant served a subpoena issued by the United States District Court for the Southern District of Ohio upon Respondent requesting production of documents related to the Ohio Litigation ("2024 Subpoena"). See Exhibit 1.

6. RHR is a citizen of Illinois with its principal place of business in this district.

7. This Court has jurisdiction over this matter pursuant to Federal Rule of Civil Procedure 45 as this is an action to enforce the 2024 Subpoena.

---

[2] The corporate Defendants in the underlying matter are Fifth Third Bank, N.A. and Fifth Third Bancorp. For purposes of this motion, both Defendants are referred to as "Fifth Third" or "the Bank."

2

8. Venue is appropriate in this district pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i) as Respondent is required to comply with the 2024 Subpoena within this district.

**ARGUMENT**

9. As a part of his complaint, Plaintiff asserts that Defendants promoted a substantially younger individual, Timothy Spence, to the role of President in 2020 and CEO in 2022, succeeding Defendant Carmichael who was promoted into the CEO role in 2015.

10. RHR provided executive officer assessment services to Fifth Third, including but not limited to the 2020 assessment of Mr. Spence, and a prior 2015 assessment of Carmichael.

11. The 2024 Subpoena complies with Federal Rule of Civil Procedure 45 and seeks production of documents within RHR's possession and control that are directly relevant to the Ohio Litigation.

12. On October 4, 2024, RHR's counsel responded to the 2024 Subpoena refusing to produce the requested documents and articulating blanket objections.

13. Movant and RHR have consulted multiple times, including by letter, e-mail, and telephone, and Movant has made good faith attempts to resolve differences, but the parties have been unable to reach an accord.

14. On October 25, 2024, Movant's counsel sent a letter to RHR's counsel inviting a phone call in an effort to resolve the ongoing discovery dispute.

15. Counsel conferred on November 5, 2024 via conference call, and Movant's counsel sent an e-mail re-capping the conference and identifying the outstanding issues discussed, including the following:

- Plaintiff's counsel re-capped the request for production of any assessments of Plaintiff performed by RHR, based upon prior discovery indicating that the original intentions of Fifth Third and RHR were to have Plaintiff and another executive assessed alongside Mr. Spence. Because RHR's counsel confirmed that their client

would provide a verified response that no such responsive documents exist, this issue was resolved.

- Plaintiff's counsel re-iterated the request for all communications between RHR and Fifth Third in 2020 (the year the assessment was conducted), and voiced concerns regarding a gap in those communications between March 18, 2020 and June 8, 2020 based upon documents previously requested from Fifth Third which were not produced. Fifth Third's counsel responded and indicated it is not aware of any such documents, and RHR objected to searching its records or producing any materials given Fifth Third's response.

- Plaintiff's counsel re-iterated the request for draft and final assessments as to Mr. Spence in 2020. RHR's counsel agreed to circle back with their client regarding this request, but ultimately informed Plaintiff that RHR declined to search for or produce any non-final versions of the Spence assessments.

- Plaintiff's counsel also re-iterated the request for draft and final assessments as to Mr. Carmichael in 2015. In an attempt to alleviate RHR's confidentiality objections related to the requests, Plaintiff offered that such production could be done with confidential and/or attorney's eyes only designations under the terms of the parties' Stipulated Protective Order. However, RHR ignored Plaintiff's offer and instead informed Plaintiff that it would decline to search for, and thus decline to produce, the requested documents.

- Plaintiff's counsel similarly offered the use of confidential and/or attorney's eyes only designations under the parties' Stipulated Protective Order with respect to the requests for the underlying documents used/consulted in preparing RHR's assessments, but again, RHR flatly refused to produce the documents.

- Lastly, Plaintiff's counsel re-iterated his request for draft and final versions of the CEO Profiles prepared in connection with Mr. Spence's 2020 assessment and in connection with Mr. Carmichael's 2015 assessment. Plaintiff's counsel initially raised concern regarding potentially unproduced draft versions of the 2020 CEO Profile, Fifth Third's counsel responded, clarifying the production concerns, and this issue was resolved. However, with respect to the request for the draft versions of the 2015 CEO Profile, RHR simply repeated its blanket relevance objection and refused to produce the requested documents.

16. Through the use of extrajudicial efforts, Movant has been able to narrow the scope of the subpoena to (1) underlying documents used/consulted in preparing the assessment of Tim Spence in 2020; (2) documents relating to Greg Carmichael's assessment in 2015; and (3) communications between RHR and Fifth Third between March 18, 2020 and June 24, 2020.

4

17. Unfortunately, RHR has maintained its objections as to these three categories of documents and has refused to produce even a single responsive document over the course of more than two years.

18. As discussed in more detail in the concurrently filed Memorandum in Support of this Motion to Compel, RHR's objections are baseless and the requested documents are relevant to the Ohio Litigation, not subject to any legitimate privilege, and can be produced without meaningful burden on RHR.

19. As such, Movant seeks to compel RHR to produce (1) documents used/consulted in preparing the assessment of Tim Spence in 2020; (2) documents relating to Greg Carmichael's assessment in 2015; and (3) communications between RHR and Fifth Third between March 18, 2020 and June 24, 2020.

20. Alternatively, Movant requests this Court transfer these proceedings to the United States District Court for the Southern District of Ohio for further action pursuant to Federal Rule of Civil Procedure 45(f).

WHEREFORE, pursuant to the forgoing, Movant's concurrently filed Memorandum In Support of this Motion to Compel and supporting exhibits[3], Movant respectfully requests that this Court enter an order granting this Motion to Compel, compelling RHR to produce of the above-discussed documents within seven days, granting Movant his reasonable costs and fees associated with presenting this motion, and for such other relief as the Court deems appropriate.

DATED: February 12, 2025                    Respectfully Submitted,

**PHILIP R. MCHUGH**

---

[3] Contemporaneous with the filing of this Motion, Plaintiff is submitting an Affidavit of Counsel with supporting exhibits attached as **Exhibits 1-11**. Two additional Exhibits (**12-13**) have not been filed at this time due to confidentiality designations by the Defendants pursuant to a Stipulated Protective Order. (*See* Stipulated Protective Order, Doc. # 16, PAGEID # 1876). Contemporaneous with the filing of this motion, Plaintiff is also filing a Motion for Leave to file such documents under seal.

*/s/ Sabreena El-Amin*
Sabreena El-Amin
CTM LEGAL GROUP
77 W. Washington Street, Suite 2120
Chicago, IL 60602
(312) 818-6700
sel-amin@ctmlegalgroup.com

*/s/ Peter A. Saba*
Peter A. Saba, Esq. (*pro hac vice* application pending)
Joshua M. Smith, Esq. (*pro hac vice* application pending)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
jms@sspfirm.com
**Co-Counsel for Plaintiff Philip R. McHugh**