

STAGNARO, SABA
& PATTERSON

Joshua M. Smith, Esq.
Email: jms@sspfirm.com

Phone: (513) 533-6715
Fax: (513) 533-2999

April 25, 2022

<u>**VIA ELECTRONIC MAIL**</u>
Christopher A. Bloom (Christopher.bloom@klgates.com)
K&L Gates LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602

**Re: Subpoena Duces Tecum to RHR International, Inc.**

Christopher:

Thank you for your April 14, 2022 letter confirming service of the subpoena on your client RHR International LLP. While you did not state it explicitly, we interpret your letter to raise objections to the subpoena pursuant to Rule 45(d)(2)(B). This letter will address each of them.

Given the lack of merit to your objections, we continue to expect full compliance with the subpoena by the date for compliance, April 29, 2022. If your client needs additional time for production, or you would like to discuss the below further, please do not hesitate to call. If we do not receive production by the specified date or any response from you, we will be seeking a Court order compelling your client's compliance with the subpoena, and potentially sanctions for contempt. *See* Fed. R. Civ. P. 45(g).

**1. 100-mile geographic limitation (Rule 45(c)(2)(A))**

You state that "the Subpoena was improperly issued because it requires compliance beyond the 100-mile geographic limit set forth in Fed. R. Civ. P. 45(c)(2)," This statement is incorrect.

As indicated in the subpoena, the requested documents can be produced at our law firm's office (2623 Erie Avenue, Cincinnati, Oho 45208) *or via e-mail to jms@sspfirm.com*. Rule 45 states that, "[a] person commanded to produce documents, electronically stored information, or tangible things…need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial." As such, given your client is simply being asked to mail or e-mail the requested documents (i.e., electronic production), the 100-mile limitation does not apply. *See, e.g., Allstate Ins. Co. v. Orthopedic, P.C.*, S.D.Ind. No. 1:22-mc-00016-JPH-MJD, 2022 U.S. Dist. LEXIS 42485, at *12 (Mar. 9, 2022) citing *United States v. Brown,* 223 F. Supp.3d 693, 703 (N.D. Ohio 2016)(The 100-mile limit in Rule 45(c)(2)(A) "does not apply where documents can be mailed and do not require personal appearance."); *Walker v.*

Attorneys licensed in Ohio, Kentucky, Indiana, Michigan and Florida | **SSPFIRM.COM** | 513.533.2700 / MAIN OFFICE

**HYDE PARK SQUARE OFFICE** / 2623 ERIE AVE, CINCINNATI, OH 45208 | **ANDERSON TOWNSHIP OFFICE** / 7373 BEECHMONT AVE, CINCINNATI, OH 45230

Exhibit 3

Christopher A. Bloom
*Subpoena Duces Tecum to RHR International, Inc.*
April 25, 2022
Page 2

*Center for Food Safety*, 667 F. Supp.2d 133, 138 (D.D.C. 2009)("[T]he 100 mile limit applies to travel by a subpoenaed person, but a person commanded to produce documents need not appear at the place of production or inspection."); *Steven Baicker-McKee et al., Federal Civil Rules Handbook* 1061 (2021)("ESI is typically exchanged electronically, rendering distance limitations inapplicable. Likewise, if the responding party can simply mail responsive paper documents, the distance limitation may not apply."); *Gumwood HP Shopping Partners, L.P. v. Simon Property Group, Inc.*, N.D.Ind. No. 3:11-cv-00268-JD-CAN, 2014 U.S. Dist. LEXIS 204449, at *8 (Nov. 20, 2014)("Because electronic production creates no geographical burden on Ann Taylor, the subpoena does not impose unduly on nonparty Ann Taylor like Rule 45(c)(2)(A) seeks to prevent.")

## 2. Your incorrect claims that the subpoenaed documents are already in the parties' possession

You also claim that "the requests for production…are for documents necessarily in the possession of named parties to the case which we understand have already been the subject of production." That is not true either.

Plaintiff Philip McHugh is certainly not in possession of the subpoenaed documents. Moreover, many of the requested documents would be exclusively in the possession of RHR. Draft assessments, and documentation RHR used or consulted in its preparation of each assessment, would be exclusive to RHR. I also note that you have not explained which particular requests within the subpoena you believe are documents "necessarily in the possession of named parties."

Regardless, pointing to the opposing party in a lawsuit as potentially having such documents in its possession is not a basis to ignore a validly issued subpoena in its entirety, particularly where the documents are more readily obtainable by a non-party like RHR. *In re New Eng. Compounding Pharm., Inc.*, 2013 U.S. Dist. LEXIS 161652 (D. Mass. 2013) ("The mere availability of the documents from another source, however, does not preclude a subpoena directed to a nonparty if the party serving the subpoena can show that it is more expeditious to obtain the documents from a witness."); *Carson v. Kanazawa*, 2016 U.S. Dist. LEXIS 199440 (D. Haw. 2016)("Although there is the potential for duplicate production, discovery has revealed that there may be relevant documents in Robert's possession that are not in RNI or Plaintiffs' possession and have not been produced from those individuals or entities."); *Kasper v. Aac Holdings,* 2017 U.S. Dist. LEXIS 231826 at *23-24 (M.D. Tenn. 2017)("Neither is the Court convinced that Avondale may avoid the request simply because Plaintiffs have sought the same documents from Defendants. Although there is a risk of some duplicate production, it is entirely possible that relevant and responsive documents exist that Defendant do not now, or perhaps did not ever, have in their possession." ); *Wilemon Found., Inc.* v. Wilemon*, 2021 U.S. Dist. LEXIS 80402 at *16 (N.D. Miss. 2021)(""While it is conceivable that some of the documents responsive to this subpoena may be in the plaintiffs' possession, custody, or control, the majority of the documents requested exclusively involve communications or documents between the defendant and Phelps [third party].").

Christopher A. Bloom
*Subpoena Duces Tecum to RHR International, Inc.*
April 25, 2022
Page 3

3. **Claims that the subpoena is "overly burdensome and inappropriate for a third party like RHR."**

Finally, you assert that "the Subpoena calls for the production of information and documents that are privileged, irrelevant to the named parties' claims and defenses, and disproportionate to the needs of the case."

First, we do not understand your claims of privilege. RHR is not a law firm, nor is Fifth Third. Thus, we are not aware of any attorney-client privilege which would apply here, nor any other privilege prohibiting production. To the extent you believe a privilege does apply to the subpoenaed documents, please confirm what it is, and produce a privilege log for such documents as required under the civil rules. *See* Fed. R. Civ. P. 45(e)(2)(A)(ii).

Second, your assertion of irrelevance is unclear. Our client has age discrimination claims against Greg Carmichael and Fifth Third, including for failure to promote, constructive discharge, and retaliation. The failure to promote concerns Fifth Third and Carmichael's decision to promote Timothy Spence to the position of President and later CEO, and to demote Phil McHugh, on the basis of Mr. McHugh's age. RHR conducted assessments of Mr. Spence at Fifth Third and Greg Carmichael's direction, and Defendants claim to have made their decision to promote Mr. Spence based upon those assessments. Thus, it is obvious that any assessments that RHR conducted with respect to Timothy Spence, Phil McHugh, or any other individual between 2016 and the present are relevant and discoverable.

As to proportionality, this objection appears tied to your claims of irrelevance, and thus has already been addressed.

4. **Conclusion**

In light of the above, we expect RHR International's full compliance with the subpoena validly served upon it. To the extent that it does not comply by the specified date of April 29, 2022, we will be seeking Court intervention.

Sincerely,

STAGNARO, SABA
& PATTERSON CO., L.P.A.

Joshua M. Smith, Esq.

Cc:    Peter A. Saba
       John J. McHugh, III