JOB: 8727676
CLIENT: Stagnaro, Saba & Patterson, Co., L.P.A.

# AFFIDAVIT OF SPECIAL PROCESS SERVER

**CASE:** 1:21-cv-00238

**COURT:** United States District Court

**PLAINTIFF / PETITIONER:** PHILIP R. McHUGH

**DEFENDANT / RESPONDENT:** FIFTH THIRD BANCORP, et al.

I, **William Carlson [License 115-002378]**, being duly sworn on oath state that I am over 18 years of age and not a party to this suit and that I am registered employee of a Illinois Private Detective Agency **"Carlson Investigations, Inc. [License 117-001360]"**, licensed by the Illinois Department of Financial and Professional Regulation and therefore authorized, pursuant to the provisions of Chapter 735 ILCS, Code of Civil Procedure, Section 5/2-202, Illinois Compiled Statutes, to serve process in the above cause.

Further, I **William Carlson** effected service on **C T Corporation System Statutory Agent of RHR International, LLP.** in the following manner listed below.

**CORPORATE SERVICE** effected on **Wednesday April 19, 2023, 2:55 pm** By leaving a copy of the **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action with Exhibit A** with **Intake Specialist: Derrick Hackett** who was authorized to accept service on behalf of **C T Corporation System Statutory Agent of RHR International, LLP.** Service was effected at **208 S. LaSalle St #814, Chicago, IL 60604.**

**Derrick Hackett** is described as follows:

| Gender | Age | Ethnicity |
|---|---|---|
| Male | 30's | African American |

Under penalties of perjury as provided by law pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

William Carlson [License 115-002378]  April 21, 2023
Date

*Subscribed & sworn to before me by the affiant who is personally known to me.*

Notary Public  April 21, 2023
Date

EMILY C ROMANO
Official Seal
Notary Public - State of Illinois
My Commission Expires Oct 27, 2026

[ Agency Lic# 117-001360 ]    1555 Sherman Ave. Suite 306 Evanston, IL 60201    T 847.491.9182

Exhibit 4

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | | |
|---|---|---|
| PHILIP R. McHUGH | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-00238 |
| FIFTH THIRD BANCORP, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: C T Corporation System Statutory Agent of RHR International LLP; 208 SO LaSalle St., Suite 814, Chicago, IL 60604

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Exhibit A

| Place: 2623 Erie Avenue, Cincinnati, Ohio 45208 or via electronic methods to jms@sspfirm.com | Date and Time: 05/05/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/18/2023

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Philip R. McHugh
_____, who issues or requests this subpoena, are:

Joshua Smith, Esq.; 2623 Erie Avenue, Cincinnati, OH 45208; JMS@SSPfirm.com; 513.533.6715

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-00238

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A – SUPPLEMENTAL SUBPOENA

16. All Documents which contain, include, or otherwise refer to questions asked of Timothy N. Spence for purposes of assessment work performed by RHR International.

17. All Documents which contain, include, or otherwise refer to answers provided by Timothy N. Spence for purposes of assessment work performed by RHR International.

18. Any and all Assessments of Gregory D. Carmichael, including but not limited to, Assessments for the positions of President or Chief Executive Officer (CEO) of Fifth Third Bank from January 1, 2013 to the present.

19. Any and all draft Assessments of Gregory D. Carmichael, including but not limited to, draft Assessments for the position of President of Chief Executive Officer (CEO) of Fifth Third Bank from January 1, 2013 to the present.

20. Any and all Correspondence (defined to include hard copy, email, text messages, and any other form of written communications, and summaries of oral communication) with Fifth Third Bank regarding any Assessments for Gregory D. Carmichael from January 1, 2013 to the present; and

21. All draft and final versions of the CEO Profile (i.e., the "winning formula") created for the assessment work to be performed on Gregory D. Carmichael;

22. Correspondence pertaining to the CEO Profile (i.e., the "winning formula") created or otherwise modified for the assessment work to be performed on Gregory D. Carmichael;

23. All draft and final versions of the CEO Profile (i.e., the "winning formula") created for the assessment work to be performed on Timothy N. Spence;

24. Correspondence pertaining to the CEO Profile (i.e., the "winning formula") created or otherwise modified for the assessment work to be performed on Timothy N. Spence;

25. All Documentation which pertains or otherwise relates to materials to be presented to Fifth Third Bank's Board of Directors in September 2020, including but not limited to any "Board Summaries."

26. All versions, including drafts, revised drafts, and final versions, of proposals provided to Fifth third Bank relating to executive assessment and development / CEO succession. This includes, but is not necessarily limited to, prior versions of the June 8, 2020 "Proposal: Executive Assessment and Development/CEO Succession – Revised" for "Fifth Third Bank."

27. All invoices for services provided to Fifth Third Bank by RHR International LLP from January 1, 2013 to the present including, but not limited to, for all assessment or development work performed for Timothy N. Spence or Gregory D. Carmichael.

28. All completed surveys and Assessments with respect to Timothy N. Spence or Gregory D. Carmichael, including Watson-Glaser, Raven', or Hogan Insight Reports.

The following definitions shall apply to the above requests:

1. "Fifth Third Bank" shall be defined to include any person or entity acting on behalf of it, including but not limited to employees, agents, officers, directors, managers, members, subsidiary or parent or sibling corporate entities, and/or other representatives. The terms includes both Fifth Third Bancorp and Fifth Third Bank, N.A., both of which are defendants in the matter of Philip McHugh v. Fifth Third Bancorp, et al.

2. "President" shall be defined to include the leader of the company's executive group or the top or most senior person who presides over the business, including the position previously held by Gregory D. Carmichael, and the position currently held by Timothy N. Spence.

3. "Chief Executive Officer" or "CEO" shall be defined to include the highest-ranking officer or employee within Fifth Third Bank, including the position previously held by Gregory D. Carmichael, and the position currently held by Timothy N. Spence.

4. "Documentation" shall be defined to include all written or graphic matter of every kind or description, however produced or reproduced, whether drafted or final, original or copy, signed or unsigned, and regardless of whether approved, sent, received, redrafted or executed, including but not limited to correspondence, letters, memorandum, summaries of conversations or telephone conversations, minutes or records of meetings, conferences or seminars, notebooks, diaries, desk calendar, contracts, agreements, preliminary and final reports, opinions or reports of consultants, projections, estimates, loan applications, financial statements, bills, invoices, receipts, loan sheets, checks, checkbooks, purchase orders, change orders, confirmations, facsimiles, e-mails, telegrams, telexes, computer disks, digital or analog recordings, tape recordings, video recordings, photographs, drawings, charts, and plans. The term "document" means every document as above defined known to you and in your possession, custody or control, or under the control of your agents, attorneys, officers, directors, shareholders, members, managers, employees, or other similar persons, and includes every such document which can be located or discovered by diligent effort. "Document" includes electronically stored information ("ESI"). Where possible, electronically stored information should be produced in its native form, except that electronically stored information which is only accessible through proprietary software that is not commonly available in office software suites should be produced in a readily accessible electronic form (such as PDF, Word or similar text document, or Excel or similar spreadsheet) or in hard copy.

5. "Assessment" shall be defined to include any "executive assessments" performed by RHR International, including those which make any evaluations, judgments, recommendations, or determinations as to a particular individual's value, nature, character, or qualities for an actual or potential employment role. This includes but is not necessarily limited to the "Executive Assessment Development Report" created for Timothy N. Spence.

6. "Correspondence" shall be defined to include any disclosure, transfer or exchange of information, whether oral or written, and whether in person, by telephone, mail, e-mail, telecopy, text message, or other "document" form, including but not limited to discussions, statements, negotiations, inquiries, requests, notices, responses, or demands.