# K&L GATES

Christopher A. Bloom
Partner
christopher.bloom@klgates.com

T +1 312 807 4370
F +1 312 827 8000

May 3, 2023

Via E-mail: JMS@SSPfirm.com and US Mail

Joshua M. Smith
2623 Erie Avenue
Cincinnati, Ohio 54208

Re: *McHugh v. Fifth Third Bancorp, et al.,*
Case No. 1:21:CV-00238 (S.D. Ohio)

Dear Counsel:

As you know, I serve as counsel to RHR International LLP ("RHR"). I am writing in response to Philip R. McHugh's "supplemental" subpoena served April 19, 2023, requesting the production of documents on May 5, 2023, and your letter dated April 18, 2023.

Both your "original" subpoena served March 31, 2022 and your "supplemental" subpoena served April 19, 2023 are violative of the requirement that the "place of compliance" with "subpoenas seeking the production of documents, electronically stored information, or tangible things . . . must be 'within 100 miles of where the person resides, is employed, or regularly transacts business in person.' FED. R. CIV. P. 45(c)(2)(A)." *Westmore Equities, LLC. V. Village of Coulterville*, 2016 WL 695896, at *2 (S.D. Ill., Feb. 22, 2016). "A subpoena that commands production outside these limits must be quashed or modified." *Id.* *Walker v. Ctr. For Food Safety*, 667 F.Supp.2d 133 (D.D.C. 2009) and its progeny, cited in your letter dated April 25, 2022 "was decided four years prior to the [2013] Rule 45 amendments, and the current version of Rule 45 clearly requires that the 'production of documents [or] electronically stored information' must be 'at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(2)(A).'" *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 630 (C.D. Cal. 2018), rejecting the contention, based upon *Walker, supra,* that "the 100-mile limit does not apply to the production of documents"). Here, your "original" and "supplemental" subpoenas both purport to require production at locations (your office or designated email destination) more than 100 miles from RHR's place of business, and hence both subpoenas are violative of Fed. R. Civ. P. 45(c)(2)(A).

K&L GATES LLP
70 W. MADISON ST. SUITE 3100 CHICAGO IL 60602
T +1 312 372 1121 F +1 312 827 8000 klgates.com

Exhibit 5

Moreover, the documents requested in your subpoenas constitute or relate, directly or indirectly, to psychological assessments of Fifth Third Bank personnel performed by a degreed RHR psychologist – including "all written or graphic matter of every kind or description . . . whether drafted or final . . . ." Such documents and information contain confidential communications made to a psychologist and are, therefore, subject to the therapist-patient privilege recognized by the United States Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1 (1996) and related state law. Here, the documents sought in your subpoenas (including drafts or other internal RHR documents used in the preparation of assessments) necessarily would disclose the content of communications protected by the privilege recognized in *Jaffee*, and hence such documents are immune from discovery.

Additionally, the documents sought contain the personal information of individuals who are not parties to this case and who have not consented to disclosure. The personal information was obtained pursuant to undertakings of privacy and confidentiality, and such a disclosure would breach these undertakings and violate applicable law. To the extent the documents sought include drafts and other internal documents not provided to Fifth Third Bank or any other person, these documents contain internal work product and the mental impressions of RHR's consultants. Such documents are not germane and are not properly subject to discovery.

Furthermore, as I pointed out in my April 14, 2022 letter, your subpoenas are overbroad, request irrelevant documents, and are disproportionate to the needs of the case – all the more so in light of the scope of your most recent subpoena. Your April 25, 2022 letter acknowledges that your client's claims are based upon asserted age discrimination, but neither that letter nor your April 18, 2023 letter offer any explanation as to how RHR's assessments and the work performed by and invoiced to Fifth Third Bank by RHR, bear upon your contention that Mr. McHugh ostensibly was not promoted due to his age. Moreover, any documents prepared by RHR that were provided to Fifth Third Bank and considered in connection with any employment decisions affecting Mr. McHugh obviously would be in the possession of Fifth Third Bank, and thus the imposition of the burden and expense of document discovery upon a non-party to the litigation is unjustifiable.

Finally, any suggestion that your client has an urgent need for discovery from RHR is belied by your nearly one year delay in serving your second subpoena and threatening to pursue a motion to compel and for sanctions. We urge you and your client to reconsider your position.

Very truly yours,

*Christopher A. Bloom*

Christopher A. Bloom

2