# K&L GATES

Christopher A. Bloom
christopher.bloom@klgates.com

T +1 312 807 4370
F +1 312 827 8034

October 4, 2024

**By E-mail:  pas@sspfirm.com**

Joshua M. Smith
Stagnaro, Saba & Patterson Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208

Re:   *Philip R. McHugh v. Fifth Third Bancorp, et al.,* Case No. 1:21-cv-00238 (S.D. Ohio)
       *Subpoena directed to RHR International LLP*

Dear Counsel:

I write in response to the subpoena dated September 17, 2024, served on RHR International LLP ("RHR") on behalf of your client, Philip R. McHugh, in connection with the above-referenced litigation (the "2024 Subpoena"), in which Mr. McHugh alleges that Defendants (hereinafter referred to as "Fifth Third Bank") unlawfully denied him a promotion to due to his age (the "Litigation").

RHR is a consulting firm in the executive development and leadership space composed of behavioral scientists. In 2020, Fifth Third Bank engaged RHR to perform an assessment of a single individual, Timothy Spence, who is not a party to this litigation. Fifth Third Bank ultimately named Mr. Spence as its President and CEO. The assessment prepared by RHR regarding Mr. Spence, as well as the correspondence that RHR exchanged with Fifth Third Bank regarding this work, has already been produced to you by Fifth Third Bank. *See* Schedule 1, attached hereto, identifying by Bates number those documents that were produced by Fifth Third Bank.[1] RHR did not perform any assessment of your client. RHR has no documents in its possession—beyond

---

[1] These are the documents that have been made available to RHR and may not be a comprehensive list of all documents produced.

those already produced by Fifth Third Bank—that could have been referenced, relied upon, or otherwise used by Fifth Third Bank in its decision to promote Mr. Spence. RHR understands that Fifth Third Bank has already produced all of the materials that RHR shared with Fifth Third Bank in connection with this engagement.

The September 2024 Subpoena is the third to be served on RHR by Mr. McHugh in connection with the Litigation. Mr. McHugh previously served subpoenas on RHR on or around March 31, 2022 (the "2022 Subpoena") and April 19, 2023 (the "2023 Subpoena"). We objected to the 2022 and 2023 Subpoenas by letters dated April 14, 2022 and May 3, 2023, respectively. Despite the protracted communications regarding the propriety and scope of the previously-issued subpoenas and an order from the Southern District of Ohio denying your motion to compel, the 2024 Subpoena includes, verbatim, each and every request previously objected to by RHR.

As set forth in our prior letters, and further addressed in RHR's Response to Motion to Compel Production of Documents (Dkt. No. 59 in the Litigation), each of which are incorporated by reference here, the requests are improper for a number of reasons, *inter alia*:

**1.     All Information Relevant to the Litigation has been Previously Produced by Fifth Third Bank through Documents and Deposition Testimony**

The 2024 Subpoena ignores Rule 45's directive that issuers of subpoenas look to the parties for discovery rather than burden a non-party with the production of duplicative information. Fifth Third Bank previously produced to you draft and final versions of RHR proposals to Fifth Third Bank, CEO Profiles prepared in 2015 and 2020, the executive assessment of Mr. Spece and the materials prepared for Fifth Third Bank's Board of Directors relating to same, and communications between Fifth Third Bank and RHR regarding all of the above. The 2024 Subpoena ignores both these documents and the deposition testimony previously procured and directs RHR to duplicate efforts best undertaken by the parties. As a result, the Subpoena is unduly burdensome and overbroad. *See* Fed. R. Civ. P. 45(d)(1) ("[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena"); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) (the Court must limit the frequency or extent of discovery that is outside the scope of these parameters, or if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"). The 2024 Subpoena does not identify any subset of these materials that are only in RHR's possession, despite the obligation that it – and you, as the "attorney responsible for issuing and serving a subpoena" – bears to "avoid imposing undue burden or expense . . ." on a non-party. Fed. R. Civ. P. 45(d)(1).

**2.     The 2024 Subpoena Seeks Documents that Mr. McHugh Knows Do Not Exist**

Moreover, the 2024 Subpoena purports to require RHR to produce documents that Mr. McHugh knows do not exist: namely, documents relating to an "Assessment" of Mr. McHugh which was never performed. *See* 2024 Subpoena at Request Nos. 9-12; *see also* McHugh's Motion to

Compel Compliance with Subpoena (Dkt. No. 40) at 3 (acknowledging that RHR did not evaluate any candidate other than Mr. Spence).

3.  **The Other Materials Sought are Not Relevant**

Judge Barrett has been clear that the "issues in this cause" are "alleged age discrimination, to include retaliation, under federal and state law as well as wrongful termination under state law." Order dated Sept. 20, 2024 (Dkt. No. 72). The other documents sought from RHR (underlying data or documents relating to the preparation of Mr. Spence's assessment) do not bear on any claims or defenses in the Litigation and are therefore irrelevant. These materials do not – and could not – bear on Fifth Third Banks's decision to promote Mr. Spence because, as you already know, RHR did not share them with Fifth Third Bank and Fifth Third Bank therefore could not have relied upon them in connection with its decision to promote Mr. Spence. These materials shed no light on the Board's process or its consideration of the various candidates. It is inappropriate and harassing for you to attempt to obtain information from a third-party that the Court has determined are beyond the scope of information relevant to the Litigation.

Nor are the documents relating to a 2015 assessment of Gregory D. Carmichael relevant to the Litigation. The assessment of Mr. Carmichael was performed in 2015, at least five years prior to Spence's evaluation, pursuant to a different request for services from RHR, and in response to a different set of criterion (*i.e.*, a different CEO Profile, which is already in your possession). This document does not speak to the capabilities of either Mr. McHugh or Mr. Spence, let alone their suitability to serve in a leadership role for the Bank or any other issues in this case. Consistent with industry standards, RHR does not consider assessments over three years old to be reliable and RHR precludes its clients from the use of or reliance upon an assessment more than three years old. This is clearly set forth in the Business Terms which were agreed to by Fifth Third Bank and the legend on the evaluations themselves, previously made available to you (Doc. No. 59-1 at PAGEID # 2538). As previously explained, this is a matter both of ethics and legal liability for RHR.

4.  **The Materials Sought Contain Personal Information that RHR is Obligated to Protect**

Finally, the remaining materials sought in the 2024 Subpoena—those that have not already been produced by Fifth Third Bank—constitute confidential personal information individuals who are not parties to this Litigation and that must be protected from disclosure. The assessment of Mr. Spence was performed by a licensed psychologist, a process that included the use of psychometric instruments as well as interviews of Mr. Spence and other Fifth Third Bank employees, none of whom are parties to the Litigation. Each of these examinations and interviews were conducted on the condition of complete confidentiality and, in the case of interviewed Fifth Third Bank employees other than Mr. Spence, anonymity.

RHR is subject to legal and ethical obligations to keep this information confidential. *See, e.g.*, Restatement (Second) of Torts § 652A (1977) (common law right to privacy is recognized by

existence of invasion of privacy torts); *Templeton v. Fred W. Albrecht Grocery Co.*, 72 N.E.3d 699, 701 (9th Dist. Ohio) (collecting authority on Ohio's tort of invasion of privacy in connection with a claim stemming from the unauthorized disclosure of a psychological report of employee); ILCS Const. Art. I, § 12 (enshrining Illinois residents' right to privacy and remedy for "all injuries and wrongs"). These materials can and do contain information about third parties that is protected from disclosure due to its highly personal nature. *See* Fed. R. Civ. P. 45 at Adv. Comm. Notes to 1991 Amend. (Rule 45(d)(3)(B)(i) authorizes federal courts to quash subpoenas to protect the person subject to or affected by the subpoena from unnecessary or unduly harmful disclosures because Rule 45 is intended "to protect the person subject to or affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information"); *see also Jaffee v. Redmond*, 518 U.S. 1, 16 (1996) (contents of conversations that took place between the defendant police officer and a clinical social worker employed by the officer's employer, as well as the notes from their sessions, were protected from disclosure). RHR has an obligation to these non-party employees of Fifth Third Bank to protect such sensitive information from disclosure.[2]

In sum, RHR objects to each of the requests contained in the 2024 Subpoena on the grounds that they are overbroad, unduly burdensome, and not proportional to the needs of the case.

We hope that this letter concludes this multi-year ordeal. If needed, I can be reached at (312) 807-4370.

Very truly yours,

*Christopher A. Bloom*

Christopher A. Bloom

---

[2] Because of these obligations, the agreement between Fifth Third Bank and RHR explicitly contemplated that RHR could not and would not share all information collected in the performance of its work for Fifth Third Bank. *See* Business Terms at ¶ 5 (Dkt. No. 59-1) ("The Company acknowledges that RHR may not, as a matter of law or professional responsibility, be able to disclose certain Personal Information to the Company. RHR shall not be obligated to provide such information to the Company or include such information in any Deliverable."); *see also id.* at ¶ 2.