**Archived:** Thursday, December 12, 2024 10:22:30 AM
**From:** Joshua M. Smith, Esq.
**Sent:** Wednesday, November 6, 2024 9:58:23 AM
**To:** Mueller, Nicole C. Christopher.bloom@klgates.com Hart, Collin
**Cc:** Bailey E. Sharpe, Esq. Sabreena El-Amin Peter A. Saba, Esq. Jessica K. Peterson Caroline R. Dillard mchugh@mchughlaw.com
**Subject:** Recap of 11/5 Conference Call
**Importance:** Normal
**Sensitivity:** None

---

Nicole, Chris, and Collin:

Thank you all for the time yesterday. This e-mail shall serve as a summary of the points discussed from our call and next steps, from Plaintiff's perspective. To keep matters moving, we'd appreciate a response by this Friday (11/8/2024):

- **McHugh Assessments and Related Documents (Requests 9-12):** We discussed our request for any assessments of Phil McHugh performed by RHR (partial or complete) and your confirmation that no such assessment was performed. The basis for the request was, in part, because of RHR's initial retention/proposal to assess three candidates for President/CEO, including McHugh. That said, given your confirmation we are agreeable to resolving this request with a verified response from your client that there are no such responsive documents.

- **Communications between Fifth Third and RHR in 2020 (Requests 3, 7, 11, 13-15, 24):** We discussed our request for e-mail and other correspondence between Fifth Third and RHR in 2020, and a gap in those communications produced by Fifth Third between March 18 and June 8, 2024. Given meetings and/or phone conferences occurred between RHR (Beaudin) and Fifth Third (Carmichael/Shaffer) in those months, there should be emails, correspondence, or other responsive documents associated with any consulting work and/or meetings being performed in that time period. Collin indicated that he was not aware of any responsive documents during this period, and you indicated that Defendants' response that there are no responsive documents should resolve the issue.

    Notwithstanding your position, we are re-iterating our request that RHR search its records for any responsive documents during this period. Plaintiff is not seeking duplicative production, but there are concerns that Fifth Third's production is not reliable given multiple examples of documents previously requested but not produced (e.g., the RHR-Fifth Third Business Terms, and the redline/clean copies of the CEO profile sent to RHR by Bob Shaffer as referenced below). Further, a search for e-mails/documents during a limited time period, as to one of RHR's clients for one project, is not an overly broad or burdensome request. After you discuss with your client, please let us know if RHR will search for any responsive documents, and produce any it finds.

- **Draft and Final Assessments (Requests 1-3, 18-20, 5-7):** We discussed the requests for draft and final executive assessments as to Spence, Carmichael, and any other executives during the 2015-2020 time period.

    As to Spence, we confirmed that (i) a final assessment (000990) which appears to correspond with a September 10, 2020 e-mail from Beaudin to Shaffer (000988) was produced, and (ii) a draft assessment (001042) which appears to correspond with an August 26, 2020 e-mail from Beaudin to Shaffer (001041) was produced. Given the consulting work began in March 2020 (with a revised proposal beginning June 8), we are seeking earlier drafts of the Spence assessment to the extent any exist. You indicated this is a tangible question you can take back to your client, and would do so.

    As to Carmichael, we noted the ongoing disagreement as to relevance. In an effort to resolve, we offered to ensure production would be under the stipulated protective order's terms, and would agree to initial production under an attorney's eyes only (AEO) designation that could be challenged as necessary. We also indicated we

Exhibit 10

would be agreeable to limiting production for the time being to the final assessment of Carmichael. However, you indicated that you did not believe those designations or limitations would resolve the issue given the relevance objections. That said, you committed to discussing with your client to confirm.

Finally, we discussed our request for other executives that may have been assessed, either in 2015 alongside Carmichael, or in 2020 alongside Spence. You indicated it was your understanding that no other candidates were assessed in either time period. Similar to the request for the McHugh assessments, we'd ask that your client please provide a verified response that no such documents exist if that is the case.

- **CEO Job Profiles (Requests 21-24):** We discussed our requests for CEO job profiles, including from 2020 and 2015.

  As to 2020, we noted that one "draft" version of the profile (001013) was produced, which corresponds with a July 14, 2020 e-mail from Beaudin to Shaffer (005689), and a "final" version (001074), which appears to correspond with an e-mail from Shaffer to Beaudin on July 23, 2020. However, we noted that there is also an e-mail on July 16, 2020 from Mr. Shaffer to Mr. Beaudin (005930) which references a redline and clean copy of the CEO profile. To our knowledge, neither the redline or clean copy attached to Mr. Shaffer's e-mail were produced by Defendants, despite prior requests. Given this deficiency, we asked RHR to produce the documents. Collin also indicated he would go back and look at the 7/16/2020 e-mail and the documents attached to it.

  We also discussed our requests for drafts of the 2015 CEO profile. Given the objections as to the Carmichael assessment's production, you did not believe there would be any willingness on RHR's side to produce the 2015 drafts of the CEO profile, absent a court order.

- **Underlying Documents Used/Consulted in Preparing Assessments (Requests 4, 16-17, 28):** Finally, we discussed our request for underlying documents used or consulted in preparing the executive assessments (e.g., underlying data, scoring/analysis of psychometric tools used, problem-solving-approach assessment, leadership-style assessment, benchmarked experience analysis, 360 feedback interviews, behavioral interview, etc.). We again suggested the use of either a confidential or AEO designation to get these documents produced, but you indicated that the parties are likely to remain at a loggerhead with respect to these underlying documents given the relevance dispute. That said, you indicated you would discuss with your client and confirm.

Again, on the above points needing follow-up, we are requesting a response by this Friday (11/8). Thank you.

Joshua M. Smith, Esq.
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Direct Dial: 513.533.6715
Main Fax: 513.533.2999
jms@sspfirm.com
https://www.sspfirm.com




This e-mail transmission contains information that is intended to be privileged and confidential. It is intended only for the addressee named above. If you receive this e-mail in error, please do not read, copy or disseminate it in any manner. If you are not the intended recipient, any disclosure, copying, distribution or use of the contents of this information is prohibited. Please reply to the message immediately by informing the sender that the message was misdirected. After replying, please erase it from your computer system. Your assistance in correcting this error is appreciated.