**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Stewart, Tom <tom.stewart@blankrome.com> |
| **Sent:** | Friday, October 29, 2021 3:27 PM |
| **To:** | barrett_chambers@ohsd.uscourts.gov |
| **Cc:** | Peter A. Saba, Esq.; Jessica K. Peterson; Joshua M. Smith, Esq.; Cioffi, Michael L.; Oberly, David |
| **Subject:** | RE: McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests |
| **Attachments:** | J. Smith Oct. 27 Email.pdf; Transcript Excerpt.pdf; M. Cioffi Oct. 11 Letter.pdf |

Judge Barrett,

As you directed during the telephone conference yesterday, this is Fifth Third Bank's response to Plaintiff's counsel's October 27 email below regarding this discovery dispute.

## Greg Carmichael's Personnel File/Self-Evaluations, Calendar & Communications

As stated in the Bank's October 11 correspondence to Plaintiff's counsel, no documents from Mr. Carmichael's personnel file, nor any of his performance reviews, fall under the scope of discoverable evidence articulated by Federal Civil Rule 26(b)(1)—which limits discoverable evidence to that which is "relevant to any party's claim or defense and proportional to needs of the case"—as Mr. Carmichael is not a comparator to Plaintiff in this age discrimination lawsuit. Fed. R. Civ. P. 26(b)(1). For example, in *Nathan v. Ohio State University*, the court limited the production of personnel file records to only those documents contained in the files of comparator employees of the defendant that fell within the scope of Rule 26(b)(1). *Nathan v. Ohio State Univ.*, 2013 WL 2948358, at *3 (S.D. Ohio June 14, 2013) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999)).

Moreover, opposing counsel's discussion of Mr. Carmichael as "the decisionmaker" in this case with respect to the appointment of Fifth Third Bancorp's new President in 2020 is misguided because Mr. Carmichael is not, in fact, a decisionmaker. *See* J. Smith Oct. 27, 2021 Email. A copy of the October 27 email is attached for the Court's convenience. As this Court is well aware—as a matter of general corporate law—officers, such as the president and CEO of a bank, are appointed by the board, not by an officer of the corporation. In fact, Plaintiff acknowledged this during his deposition as it applies specifically to Fifth Third Bank:

Q: Under Fifth Third Bancorp's bylaws and regulations, the board of directors selects senior vice presidents and top executives, right?

A: Yes. I believe that under the bylaws, it is the responsibility of the board of directors to appoint Fifth Third's senior vice presidents and executives.

Q: It necessarily follows, therefore, that the board selects the president and CEO of the Bancorp, correct?

\*\*\*

A: The board has ultimate authority to approve the president and the CEO, yes.

*See* Plaintiff Depo. Transcript, Vol. I at 96-97 (objections omitted). A copy of the relevant portions of Plaintiff's deposition testimony are attached for the Court's convenience.

Moreover, the Court should decline to allow the production of Mr. Carmichael's personnel file and performance reviews because Plaintiff's requests for these documents are nothing more than a fishing expedition. "Although a plaintiff should not be denied access to information necessary to establish [his] claim, neither may a plaintiff be permitted to go fishing." *Surles ex rel. Johnson v. Greyhound Lines, Inc.* 474 F.3d 288, 305 (6th Cir. 2007); *see also Cuomo v. Clearing House Ass'n, L.L.C.*, 129 S.Ct. 2710, 2719 (2009) ("Judges are trusted to prevent 'fishing expeditions' or an undirected rummaging through bank books and records for evidence of some unknown wrongdoing.").

Importantly, "[w]hen the subject of a discovery request is personnel files, it is appropriate for the court to require a heightened showing of relevance and need." *Fritz v. Charter Tp. of Comstock*, 2010 WL 1856481, at \*1 (W.D. Mich. May 10, 2010) (citing *Compuware Corp. v. Moody's Investors Servs., Inc.*, 222 F.R.D. 124, 134 (E.D. Mich. 2004) (holding that personnel files were not discoverable where the plaintiff failed to show that they were clearly relevant and that a compelling need existed); *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999) ("Personnel records, because of the privacy interests involved, should not be ordered produced except upon a compelling showing of relevance."); *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 447-48 (D. Minn. 1977) (noting that because personnel files contain an employee's sensitive and personal data, ordering their disclosure is a highly intrusive act that should not be undertaken lightly)). Plaintiff has simply not made any showing of this nature in this case.

Further, a review of the specific document requests themselves show that they are improper, as these requests seek—without limitation—the production of Mr. Carmichael's *entire* personal file, *see* RFP No. 1, as well as "every annual review and self-evaluation . . . from January 1, 2015 through date of response," *see* RFP No. 7. As such, these requests are plainly overly broad and extend beyond the scope of permissible discovery because they capture irrelevant, potentially highly-sensitive

2

information. *See Lawroski v. Nationwide Mut. Ins. Co.*, 2012 WL 6568230, at *5 (S.D. Ohio Dec. 17, 2012) (finding requests for personnel file records overly broad because they captured irrelevant, potentially highly-sensitive information).

Similar to Plaintiff's request for the entirety of Mr. Carmichael's personnel file and performance reviews, Plaintiff's request for the production of *all* entries contained in Mr. Carmichael's electronic calendar from the start of 2018 through the present time, *see* RFP No. 28, is also overly broad because it, too, captures an abundance of irrelevant, highly-sensitive information. *See Lawroski*, 2012 WL 6568230, at *5. In this respect, even opposing counsel concedes that what they are seeking is, in fact, Mr. Carmichael's "*personal*" calendar. *See* J. Smith Oct. 27, 2021 Email. Thus, the same privacy interests and need to prevent fishing expeditions that weigh heavily in favor of denying Plaintiff's request to obtain Mr. Carmichael's personnel file and performance reviews also strongly favors denying Plaintiff's request for Mr. Carmichael's personal calendar as well.

Moreover, since counsel has indicated their intent to depose Mr. Carmichael in this case, any evidence relating to meetings that Mr. Carmichael may have taken part in that are relevant to the claims and/or defenses asserted in this action can be fully explored during Mr. Carmichael's deposition without requiring him to disclose the personal details that are inevitably contained within his personal calendar.

==With respect to Mr. Carmichael's communications, counsel's contention that the Bank has not produced all relevant communications sent or received by Mr. Carmichael, including text messages, lacks merit because the factual premise for counsel's position is mistaken. Specifically, all text messages that are relevant and responsive to Plaintiff's document requests have already been provided to opposing counsel.== That is all the Civil Rules require. *See Baker v. County of Missaukee*, 2013 WL 5786899, at *18 (W.D. Mich. Oct. 28, 2013) (noting that a party cannot be ordered to produce documents which do not exist).

### Tim Spence Calendar, Performance Reviews & Communications

With respect to the electronic calendar of Tim Spence, the same privacy interests and need to prohibit fishing expeditions that warrant denying Plaintiff's request for Mr. Carmichael's personal calendar apply with even greater force as it relates to Plaintiff's efforts to obtain Timothy Spence's personal calendar, as Mr. Spence is not a party to this action.

Likewise, since opposing counsel has indicated their intent to depose Mr. Spence in this case, any evidence relating to meetings that Mr. Spence may have been a part of that are relevant to this litigation can be fully explored during Mr. Spence's deposition without requiring Mr. Spence to disclose his calendar and the personal and sensitive details of his private life contained therein.

With respect to the issue of performance reviews, counsel for the Bank has provided Plaintiff with all of Mr. Spence's performance reviews and related records in their possession. And contrary to opposing counsel's belief, Mr. Spence's 2017 performance review was produced by the Bank and can be found at FifthThird-McHugh-000517.

As for the issue of Mr. Spence's communications, counsel's contention that the Bank has not produced all of Mr. Spence's communications is without merit because the factual premise for this contention is mistaken. The Bank has already provided counsel with all of Mr. Spence's text messages that are responsive to Plaintiff's document requests or are otherwise relevant to any claims and/or defenses asserted in this dispute.

### Bob Shaffer Communications

As with Mr. Carmichael's and Mr. Spence's communications, the Bank has also already produced all of Mr. Shaffer's relevant communications to opposing counsel.

### Human Capital and Compensation Committee Materials (RFP 18)

Plaintiff's counsel mistakenly states that Request for Production No. 18 seeks "Fifth Third Board of Directors meeting minutes." This RFP does not pertain to Board meeting minutes, but instead relates to "any and all reports, submissions, or recommendations received or reviewed by the Human Capital and Compensation Board Committee from any member of Bank Executive Management from January 1, 2015 through date of response *addressing succession planning or candidates for promotion within Executive Management at the Bank*." (emphasis added).

More importantly, Plaintiff's counsel also mischaracterizes the redactions in question as well. The HCCC materials produced by the Bank are comprised of one single, 3,524-page PDF that encompasses hundreds of documents pertaining to HCCC meetings that extend from the beginning of 2015 through September 2020. Importantly, the Bank did not redact any *portions* of any *single* document as it relates to these materials produced in connection with RFP No. 18. All relevant documents have been produced in their entirety and without redaction.

Rather, the Bank redacted portions of this more than 3,500-page PDF that entail *entire documents* which are wholly unrelated to any issue or claim involved in this dispute. In other words, the Bank did not redact *information* from responsive *documents*, but instead redacted portions of this 3,524-page PDF that entailed *non-responsive documents in their entirety*.

For example, as pointed out in the Bank's October 11 letter to opposing counsel, "[j]ust a few examples of the wholly irrelevant *documents* that have been redacted are: (1) the Bank's Corporate Policy Regarding Insider Trading and Section 16 Reporting; (2) the Bank's 401(k) Savings Plan; and (3) the Bank's Unfunded Deferred Compensation Plan for Non-Employee Directors." *See* M. Cioffi Oct. 11, 2021 Letter to J. Smith at 6 (emphasis added). A copy of the October 11 letter is attached for the Court's convenience.

Thus, Plaintiff's contention that these redactions are improper or otherwise run afoul of the Civil Rules regarding discovery lacks any merit.

Respectfully,

**Thomas H. Stewart** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8704 | F: 513.362.8793 | stewart@blankrome.com

---

**From:** Joshua M. Smith, Esq. <JMS@sspfirm.com>
**Sent:** Wednesday, October 27, 2021 6:57 PM
**To:** barrett_chambers@ohsd.uscourts.gov
**Cc:** Cioffi, Michael L. <michael.cioffi@blankrome.com>; Oberly, David <david.oberly@blankrome.com>; Stewart, Tom <tom.stewart@blankrome.com>; Peter A. Saba, Esq. <PAS@sspfirm.com>; Jessica K. Peterson <jkp@sspfirm.com>
**Subject:** McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests

Ms. Crum and Ms. Bedree,

As was referenced at the prior status conference with Judge Barrett on October 13, a discovery dispute has also arisen regarding documents requested by Plaintiff as early as November 6, 2020. To date, various documents responsive to these requests have not been produced by Defendants or have otherwise been unilaterally redacted based upon Fifth Third's claims of irrelevance under Rule 26. Plaintiff has made attempts to resolve these deficiencies with Defendant, which have been unsuccessful. At present, the parties are at an impasse regarding the requested documents, and thus Plaintiff seeks Court intervention to resolve the dispute.

The documents at issue are set forth in the attached correspondence, but include the following:

(i)   Defendant Gregory Carmichael's personnel file (including annual reviews and self-evaluations), personal calendar, and the entirety of his relevant communications (including but not limited to text messages);

(ii)  Timothy Spence's personal calendar, the entirety of his performance reviews, and the entirety of his relevant communications (including but not limited to text messages);

(iii) The entirety of Robert Shaffer's relevant communications (including but not limited to text messages); and

(iv)  The unredacted Fifth Third Board of Directors meeting minutes

Each of the above categories are discussed in detail below:

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the electronic file containing Plaintiff's Outlook calendar produced in response to Plaintiff's Second Set of Requests for Production of Documents.

2. All communications between Shaffer and any agent or representative of FW Cook from January 1, 2017 through the date of response, including but not limited to the balance of the e-mail correspondence on September 3, 2019 (FIFTHTHIRD-MCHUGH-006380).

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 005400; 005990; 006380; and 006941-006942. Further, the balance of the email correspondence at FifthThird-McHugh-006380 can be found at 005401-005411 and 006381-006413.

3. ==All communications between Shaffer and any agent or representative of RHR International from January 1, 2017 through the date of response, including but not limited to communications with Guy Beaudin.==

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not

5

proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

==Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 000977; 000988-000989; 001041; 001071-001073; 001074-001079; 005683-005685; 005686; 005687-005688; 005689; 005697-005698; 005699; 005704; 005705; 005712; 005930-005931; 005951; 006094-006095; 006098-006102; 006257-006259; and 006282.==

4. All communications between Shaffer and Spence from January 1, 2017 through date of response, including but not limited to the balance of the e-mail correspondence on September 23, 2020 (FIFTH-THIRD-MCHUGH-006423).

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the term "between" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it seeks confidential, sensitive, private personal information and documentation from individuals not named as parties to the within action, and is thus outside the proper scope of discovery under Federal Civil Rule 26. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation by the attorney client-privilege and/or the attorney work product privilege.

6

6. All communications, reports, meeting minutes and proposals between any agent or representative of FW Cook, and any individuals at Fifth Third from January 1, 2017 through the date of response.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control. Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party not named as a Defendant in this case. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank responds to this request as follows: with the exception of the communications identified in Fifth Third Bank's response to Request for Production No. 2, Fifth Third Bank does not have any communications, reports, meeting minutes, or proposals between FW Cook and Fifth Third Bank that pertain to any party's claim or defense in this action.

7. ==All communications, reports, meeting minutes and proposals between any agent or representative of RHR International, and any individuals at Fifth Third from January 1, 2017 through the date of response.==

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because it is unreasonable, vexatious, harassing, and oppressive, in that the Request seeks information and documentation that is not relevant to any party's claim or defense, is not relevant to any of the issues in dispute in this case as framed by the parties' pleadings, and is not proportional to the needs of this case. Fifth Third Bank objects to this Request because it is overly broad, unduly burdensome, and not reasonably limited in time or scope, and is therefore harassing and oppressive. Fifth Third Bank objects to this Request because it seeks confidential or commercially sensitive business information that bears no relevance to this case as framed by the pleadings. Fifth Third Bank objects to this Request to the extent it seeks information or documents not within its possession, custody, or control.

8

Fifth Third Bank objects to this Request on the grounds that it seeks to impose an obligation on Fifth Third Bank to provide documentation for or on behalf of a third party that is not named as a Defendant in this case. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 000954-000976; 000977; 000978-000985; 000988-000989; 000990-001012; 001013-001032; 001033-001040; 001041; 001042-001060; 001063-001070; 001071-001073; 001074-001079; 001080-001085; 001086-001096; 001458-001463; 005391-005394; 005549-005552; 005631-005633; 005672-005673; 005674-005675; 005676-005680; 005681-005682; 005683-005685; 005686; 005687-005688; 005689; 005690-005694; 005696; 005697-005698; 005699; 005704; 005705-005706; 005707-005711; 005712; 005715-005717; 005930-005931; 005932-005937; 005938-005943; 005951; 006037-006047; 006055-006061; 006088-006093; 006094-006095; 006096-006097; 006098; 006257-006259; 006280-006281; 006282; 006419-006421; 006433-006438; 006688-006698; 006699-006709; 007094-007096; and 007097-007107.

8. All PowerPoint presentations relating to Executive Talent Management Updates and succession planning for the years January 1, 2015 through the date of response, including but not limited to any and all draft versions of such presentations.

**RESPONSE:** Fifth Third Bank incorporates by reference herein its Preliminary Statement and General Objections. Fifth Third Bank objects to this Request because the phrase "relating to" is undefined, vague, and ambiguous, and is therefore subject to multiple interpretations. Fifth Third Bank objects to this Request because it is overly broad and unduly burdensome. Fifth Third Bank objects to this Request because the documentation called for therein has already been provided to counsel for Plaintiff and is already in counsel for Plaintiff's possession. Fifth Third Bank objects to this Request to the extent it seeks information or documentation protected by the attorney client-privilege and/or the attorney work product privilege.

Subject to and without waiver of its objections, Fifth Third Bank refers Plaintiff to the documents produced in response to Plaintiff's First Set of Requests for Production of Documents, at Bates Numbers FifthThird-McHugh 005350-005373; 005401-005411; 005412-005444; 005447-005481; 005483-005515; 005516-005548; 005553-005595; 005597-005630; 005635-005671; 005727-005776; 005778-005810; 005811-005843; 005852-005878; 005887-005929; 006002-006030; 006062-006085; 006173-006222; 006224-006256; 006330-006379; 006439-006462; 006502-006551; 006552-006687; 006714-006761; 006762-006811; 006812-006835; 006836-006885; 006886-006940;

9

**Joshua M. Smith, Esq.**

| | |
|---|---|
| **From:** | Cioffi, Michael L. <michael.cioffi@blankrome.com> |
| **Sent:** | Tuesday, January 18, 2022 10:51 AM |
| **To:** | Barbara Crum; kathleen_bedree@ohsd.uscourts.gov; michael_r._barrett@ohsd.uscourts.gov |
| **Cc:** | Stewart, Tom; Oberly, David; Peter A. Saba, Esq.; Joshua M. Smith, Esq.; John J. McHugh III |
| **Subject:** | McHugh v. Fifth Third Bank, USDC, Southern District of Ohio, Case No. 1:21-cv-00238-MRB |
| **Attachments:** | RE: McHugh v. Fifth Third Bancorp, et al. (No. 21-cv-00238-MRB): Discovery Dispute; McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests; RE: McHugh v. Fifth Third Bancorp, et al. (21-cv-238): Discovery Dispute regarding Document Requests; MEET AND CONFER FOLLOW-UP; RE: MEET AND CONFER FOLLOW-UP; McHugh v. Fifth Third Bank - Objections and Responses to Plaintiff Requests for Admission.pdf; (127942660)_(1)_McHugh v. Fifth Third Bank - Proposed Amended Calendar Order.DOCX |

Dear Ms. Bedree and Ms. Crum,

Pursuant to earlier instructions from the Court, Defendants are writing to request the Court to assist the parties in moving this litigation forward by resolving the following discovery disputes between Plaintiff and Fifth Third Bank. Plaintiff has yet to take a single deposition of any Fifth Third officer, director or employee and refuses to do so until all open discovery disputes are resolved.

### THE JULY 6, 2021 CONFERENCE & THE COURT'S INSTRUCTIONS REGARDING BANK WITNESS DEPOSITIONS

First, the parties seek clarification on the nature and number of witnesses that the Court has permitted Plaintiff to initially depose in this case.

It is Fifth Third Bank's understanding and interpretation of the Court's prior July 6, 2021 ruling that some limitations were imposed to allow the parties to better assess their own and each other's case and whether additional discovery would be appropriate or even needed.

On July 6, the Court held a phone conference between the parties to resolve several prior discovery disputes. One of the disputes in July was that Plaintiff wanted to take the depositions of ten Fifth Third officers and directors. Our position was that ten depositions would be redundant and a waste of party resources—and served only to harass Fifth Third because, for example, there should be no need to depose every Director at a meeting to determine what was discussed.

1

In July, the Court resolved the issue as to Plaintiff's depositions of Fifth Third Bank witnesses as follows.

- Plaintiff will initially be permitted five depositions in total – two directors and three officers.
- Depositions of additional Fifth Third witnesses may be permitted upon application to the Court demonstrating the need for such witnesses beyond the first five.

Plaintiff, however, contends that the Court never put any limitations of any kind on his ability to conduct depositions of Fifth Third Directors and Officers in this case. As recently as last week, Plaintiff again insisted on taking ten such depositions, even though he has taken **zero** to date and has refused to proceed with depositions on the dates Fifth Third offered for those depositions as discussed below.

**PRIOR OUTSTANDING DISCOVERY DISPUTES AND PLAINTIFF'S PERCEIVED IMPACT OF THOSE DISPUTES ON THE DEPOSITIONS OF FIFTH THIRD WITNESSES**

On December 1, 2021, Plaintiff requested defense counsel to provide dates for the depositions of Fifth Third Bank witnesses – Susan Zaunbrecher (Chief Legal Officer), Mike McCallister (Director), and Bob Shaffer (Chief Human Resources Officer). As we noted in the July 6 conference with the Court, these witnesses are officers and/or directors of one of the largest banks in the country and a Fortune 300 company. As such, they are scheduled many months in advance. Nevertheless, we disrupted their schedule, and those of dozens of others working with or for them, in order to accommodate Plaintiff. After reviewing and making the necessary changes to their work schedule to accommodate a seven-hour deposition, including time to prepare with defense counsel, on January 5 Plaintiff's counsel was provided dates for the depositions of each of the requested witnesses – Zaunbrecher (January 31), McCallister (early February), and Shaffer (March 23 or 28). Given the repeated references to him in the Amended Complaint, defense counsel also provided a date for Chairman of the Board and CEO Greg Carmichael's deposition (March 21). On January 12, Plaintiff changed his position and stated that he did not want to take the depositions of any Fifth Third witnesses until the Court rules on disputes related to written discovery. Plaintiff has taken no depositions to date. Hence, the need for the Court's assistance to expeditiously move this case forward.

Plaintiff seeks the Bank to produce:

- the entire personnel file of CEO Greg Carmichael;
- the entire personal electronic calendar of CEO Greg Carmichael;
- ==the "entirety" of CEO Greg Carmichael's relevant communications (which have already been produced by the Bank);==
- the "entirety" of Tim Spence's performance reviews (which have already been produced by the Bank);

2

- the entire personal electronic calendar of Tim Spence;
- the "entirety" of Tim Spence's relevant communications (which have already been produced by the Bank);
- the "entirety" of Bob Shaffer's relevant communications (which have already been produced by the Bank); and
- "unredacted" Human Capital & Compensation Committee materials (Fifth Third has produced all relevant HCCC materials to Plaintiff fully unredacted; the only redactions made by the Bank pertain to *complete documents*—as opposed to *portions* of documents—that are wholly unrelated to any claim or defense asserted in this case and were contained in the over 3,500-page PDF file of HCCC materials that was produced to Plaintiff); and
- "unredacted" Board meeting minutes for July-October 2020.

The parties' respective positions on these disputes were outlined in their October 27 and October 29, 2020 correspondence with the Court, copies of which are attached for the Court's convenience.

## NEW DISCOVERY ISSUES IN DISPUTE

Finally, the parties seek a ruling on new discovery issues that have recently arisen and which are now being brought to the Court's attention for the first time.

### Plaintiff's Interrogatory No. 2

Plaintiff first contends that Fifth Third Bank's answer to Interrogatory No. 2 is deficient. That Interrogatory provides "If your responses to Requests for Admission Nos. 1-11 are anything other than an unqualified admission, identify the factual basis for your denial." Fifth Third's answers to Requests for Admission are attached.

As this Court is aware, Rule 26(b) provides that parties may discovery any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Although a plaintiff should not be denied access to information necessary to establish [his] claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Interrogatory No. 2 is improper under Rule 33, as it asks Fifth Third Bank to state the reasons for its responses to 11 separate Requests for Admission in a single Interrogatory answer. For this reason, Fifth Third Bank properly objected to this request as being "overly broad, unduly burdensome, and not reasonably limited in scope." Moreover, despite not having an obligation to respond to this particular request, Fifth Third Bank nonetheless answered subject to its objections, referring Plaintiff to the documents produced in response to Plaintiff's First Set of

Requests for Production, which provides the factual basis for Fifth Third Bank's Request for Admission responses.

In addition, Fifth Third's answer is plainly proper under the Advisory Committee Notes to Rule 33(c), which state the following:

- The 1970 Amendment Notes provide that under Rule 33(c), a party is afforded the option to make records available and place the burden of research on the party who seeks information, with the rationale being that this protects the interrogating party from abusive uses of Rule 33 (as is the case in the present dispute) through the requirement that the burden of ascertaining the answer be substantially the same for both sides.

- The 1980 Amendment Notes pertaining to Rule 33(c) further explain that under subdivision (c), a party may offer records for inspection in lieu of answering an interrogatory where the party offers the records in a manner that permits the same direct and economical access that is available to the party and specifies, by category and location, the records from which answers to interrogatories can be derived.

Also, as the case law recognizes, the information is better pursued via depositions. *See Smith v. Montgomery County Sheriff's Office*, 2012 WL 871255, at *1 (S.D. Ohio Mar. 14, 2012) (agreeing with the proposition that "Interrogatories that purport to require a detailed narrative of the opposing party's case are generally improper because they are overbroad and oppressive."); *see also Hendricks v. Mirabilis Ventures, Inc.*, 2008 WL 423566 (M.D. Fla. Feb. 13, 2008) (same).

Applied to the present dispute, Fifth Third Bank's answer to Interrogatory No. 2 is plainly proper, as it clearly follows the guidance offered by the Advisory Committee Notes described above.

Taken together, Plaintiff's arguments relating to this Interrogatory answer are without merit.

**Plaintiff's Interrogatory Nos. 6, 9, 11**

Plaintiff also contends that Fifth Third Bank's answers to Interrogatory Nos. 6, 8, and 11 are deficient because they do not provide a descriptive response, but instead only refer Plaintiff to certain documents. Like Plaintiff's arguments regarding Interrogatory No. 2, this argument also lacks merit, as Fifth Third Bank has answered these requests properly by referring Plaintiff to specific documents—identified by Bates number—that provide the factual basis for Fifth Third Bank's answers.

**Plaintiff's Request for Production Nos. 2, 4, 5**

Lastly, Plaintiff contends that Fifth Third Bank's responses to Request for Production Nos. 2, 4, and 5 are deficient because Fifth Third Bank did not produce any additional documents in response to these requests contained in Plaintiff's Second Set of Requests for Production, but instead referred Plaintiff to documents produced as part of its responses to Plaintiff's First Set of Requests for Production.

Plaintiff's position as to the sufficiency of these responses lacks merit because, simply put, the Bank produced all documents responsive to these particular Requests for Production in its responses to Plaintiff's First Set of Requests for Production. Thus, this argument also lacks merit, as Fifth Third Bank's responses are plainly proper. *See Baker v. County of Missaukee*, 2013 WL 5786899, at *18 (W.D. Mich. Oct. 28, 2013) (noting that a party cannot be ordered to produce documents which do not exist).

## NEW CALENDAR CASE MANAGEMENT ORDER

Plaintiff's dilatory tactics have significantly delayed the parties' progress in this case to date so that, for example, the deadline for Plaintiff to identify and provide reports of his experts expired two months ago and Fifth Third, therefore, has been unable to determine defense experts and corresponding expert reports. (Dkt. 18). Fifth Third, therefore, is also attaching for the Court's convenience a new Proposed Amended Calendar Order that provides new relevant dates and deadlines—and which is modeled after the existing, original Calendar Order that is currently in place at this time.

**Michael L. Cioffi** | BLANKROME
1700 PNC Center | 201 East Fifth Street | Cincinnati, OH 45202
O: 513.362.8701 | F: 513.362.8702 | cioffi@blankrome.com

********************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

********************************************************************************************